_____

No. 94-3187
_____

Rick W. Logan,                          *
                                        *
     Petitioner - Appellant,            *
                                        *
     v.                                 *  Appeal from the United States
                                        *  District Court for the
Larry Norris, Director,                 *  Western District of Arkansas.
Arkansas Department of                  *
Correction,                             *      **[UNPUBLISHED]**
                                        *
     Respondent - Appellee.             *
                                     _____

                    Submitted:  November 16, 1995

                        Filed:  February 5, 1996
                                     _____

Before McMILLIAN, FLOYD R. GIBSON, and LOKEN, Circuit Judges.
                                     _____

PER CURIAM.

     Rick W. Logan was convicted in two trials of raping eight
handicapped students while employed at the Sunshine School in
Benton County, Arkansas.  He was sentenced to life imprisonment
after the first trial and to six additional, consecutive forty-year
prison terms after the second trial.  After exhausting state
remedies, Logan filed two federal habeas corpus petitions
challenging those convictions.  In Logan v. Lockhart, 994 F.2d 1324
(8th Cir. 1993), cert. denied, 114 S. Ct. 722 (1994), we affirmed
the denial of the petition challenging his first conviction but
remanded the dismissal of his second petition under the so-called

concurrent sentence doctrine. On remand, the district court[1] held an evidentiary hearing and again denied relief, and Logan appeals.

On appeal, Logan argues first that the prosecutor violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), in stating there was "nothing exculpatory" on a videotape that defense counsel requested at a pretrial hearing. The videotape recorded school staff interviewing a student about suspected sexual abuse. Although the student was not one of the seven Logan stood accused of raping, Logan presented testimony at the habeas hearing suggesting that the tape revealed improper interviewing techniques and was therefore evidence that school staff had also "contaminated" the rape victims' trial testimony. Logan also argues that his due process rights were violated when the State was permitted to use the testimony of these contaminated and therefore incompetent child victim witnesses. As these issues were procedurally defaulted in state court, the district court denied relief because Logan did not prove either cause or prejudice. There was no cause for the default, the court reasoned, because defense counsel was aware of the tape, which was in the possession of the local juvenile court, and chose not to advise the trial court of its potential relevancy on the issue of contamination. There was no prejudice because the tape would not have affected the state courts' decision that six of the seven victims were competent to testify, and would not have caused Logan's expert to change her adverse assessments that many of the children were the victims of sexual abuse.

Logan next argues that the prosecutor during closing argument made a constitutionally impermissible reference to Logan's failure to testify. The Arkansas Supreme Court agreed but concluded that

---

[1]The HONORABLE H. FRANKLIN WATERS, United States District Judge for the Western District of Arkansas, who accepted the Reports and Recommendations of the HONORABLE BEVERLY R. STITES, United States Magistrate Judge for the Western District of Arkansas.

the error was harmless.  <u>Logan v. State</u>, 773 S.W.2d 413 (1989).
Applying the harmless error standard adopted for collateral review
proceedings in <u>Brecht v. Abrahamson</u>, 113 S. Ct. 1710 (1993), the
district court concluded the Logan had failed to prove that the
comment in question had a substantial and injurious effect on the
jury's verdict.  Finally, Logan argues that the district court
deprived him of a fair evidentiary hearing because the State's
expert witness was unable to attend the hearing, the court advised
that there would be a supplemental hearing, and the court then
concluded that a further hearing was unnecessary and denied Logan's
habeas petition.

After thorough review of the record, we conclude that these
contentions were properly rejected and Logan's petition for a writ
of habeas corpus was properly denied for the reasons stated by the
magistrate judge in the Report and Recommendation dated February
15, 1994, and in the Report and Recommendation dated June 27, 1994.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.